# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW SCANNAPIECO, | § | |
| | § | No. 506, 2015 |
| Defendant Below-Appellant, | § | |
| | § | Court Below: Superior Court of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | ID No. 1408023855 |
| | § | |
| Plaintiff Below-Appellee. | § | |

Submitted: April 27, 2016
Decided: May 20, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

On this 20th day of May 2016, it appears to the Court that:

(1) Defendant-Below/Appellant Matthew Scannapieco appeals from a Superior Court sentence order. Scannapieco contends that the trial court erred when it allowed the victim's stepfather, Robert Holmes, to provide an impact statement at Scannapieco's sentence hearing. Specifically, Scannapieco contends the trial court erred in allowing Holmes to discuss Scannapieco's alleged abuse of his, Scannapieco's, son, who was not the victim of Scannapieco's crimes. For the reasons which follow, we affirm.

(2) On August 29, 2014, Scannapieco was arrested for sexually abusing his daughter when she was between the ages of six and nine. He was indicted on seventeen counts of Rape First Degree, twenty counts of Rape Second Degree, thirteen counts of Unlawful Sexual Contact First Degree, seven counts of Unlawful Sexual Contact Second Degree, and two counts of Continuous Sexual Abuse of a Child. On May 18, 2015, Scannapieco pled guilty to one count of Rape Second Degree,[1] one count of Unlawful Sexual Contact First Degree,[2] and one count of Continuous Sexual Abuse of a Child[3] as part of a plea agreement with the State. He also stipulated that he would not seek a sentence of less than fifteen years of Level V confinement. In return, the State agreed to request no more than twenty-five years of Level V confinement and to drop the remaining charges. The plea agreement also provided that Scannapieco would have no contact with the victim, the victim's family, or anyone under the age of eighteen.

(3) A presentence investigation was completed on August 18, 2015, and a sentence hearing was scheduled for September 4, 2015. On the evening before sentencing, Scannapieco's counsel sent an e-mail to the trial court objecting to Robert Holmes, the victim's stepfather, providing a victim impact statement because Holmes:

---

[1] 11 *Del. C.* § 772.
[2] 11 *Del. C.* § 769.
[3] 11 *Del. C.* § 776.

2

(1) was not the victim; (2) had a history of bad blood with Scannapieco;[4] and (3) had been indicted for sexual assault against a minor in New Jersey. The State responded that Holmes would be speaking on behalf of the victim because she was currently being treated at a mental health facility. The trial court informed both parties that the issue would be discussed further before sentencing.

(4) At the sentence hearing, the trial court sought clarification regarding Scannapieco's objection as well as what Holmes planned to discuss while addressing the court. The State first noted that Holmes had been acquitted of the charges in New Jersey. The State also stated that Holmes was going to discuss how Scannapieco's actions had impacted the victim, Scannapieco's son, and the mother of the children. The State reasoned that the impact on the son and mother was relevant because Scannapieco wanted the ability to contact the son, which the State opposed. The trial court ultimately ruled that Holmes could speak on behalf of all three but could not discuss any impact on himself.

(5) In support of its position that Scannapieco be sentenced to twenty-five years, the State pointed to several aggravating factors, which included: (1) "undue

_____

[4] While mayor of a township in New Jersey, Scannapieco made Holmes the Police Chief. During this time, Scannapieco's wife became romantically involved with Holmes. Ultimately, Scannapieco and his wife divorced, and she married Holmes.

3

depreciation of [the] offense;"[5] (2) "need for correctional treatment;"[6] (3) "lack of remorse;"[7] (4) "extreme vulnerability of the victim;"[8] and (5) the "fact that [the] offense [was] against the child."[9] In support of the defendant's plea for a fifteen-year sentence and the right to have contact with his son, Scannapieco's trial counsel discussed the surrounding circumstances in Scannapieco's life, his acceptance of responsibility, and his age.[10] Scannapieco also addressed the court and acknowledged what he did was wrong. Further, he discussed his history of being a good father absent the crimes involved in this case. In particular, he discussed how his daughter spent the 2012 summer with him without incident.

(6) Last, Holmes addressed the court. In support of a plea for the maximum sentence of fifty-eight years, Holmes first discussed how Scannapieco's son wanted nothing to do with him because Scannapieco abused him in a nonsexual manner during the same time period. Specifically, Holmes alleged that Scannapieco had locked the son in a closet; that both children said that Scannapieco inflicted an injury to the son's face; and that a chiropractor and eye specialist told them that the son had an injury to his eye and to his neck. He mentioned that the mother is worried about

---

[5] Appellant's Op. Br. App. at A48.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Scannapieco was 71 when he was sentenced.

4

her daughter. Holmes also discussed the impact on the daughter, which included trouble at school, suicide attempts, and psychiatric treatment. Holmes stated that the daughter had essentially lost her childhood.

(7) In sentencing Scannapieco to twenty-five years of Level V confinement, the trial court, in pertinent part, made the following statement:

> The aggravating factors here are a need for correctional treatment, undue depreciation of offense, vulnerability of victim, and an offense against the child.
> I would add in lack of remorse.
> . . .
> At best, you have one mitigating factor, the early acceptance.
> But I have read the statements, and I don't really - - I mean, it didn't go to trial. You at least relieved [her] of that, but that is about all you get on the mitigating side, and that's pretty low.
> I am going to follow, actually the State's [recommendation].
> I know that the family wants the maximum 58 years at Level V without any suspended time. I don't think it is called for. But, there is going to be at least 25 years.[11]

The trial court also prohibited Scannapieco from contacting any minor under the age of eighteen, his daughter, or his son. Further, Scannapieco was ordered to register as a sex offender. This appeal followed.

---

[11] *Id.* at A69-70.

(8) "Delaware law is well established that appellate review of sentences is extremely limited."[12] "[R]eview of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[13] "Sentencing courts are specifically entitled to rely upon information regarding other, unproven crimes."[14] "However, a sentencing court abuses its discretion if it sentences on the basis of inaccurate or unreliable information."[15] "'[M]aterial false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process.'"[16] "Thus, in reviewing a sentence within statutory limits, this Court will not find error of law or abuse of discretion unless it is clear from the record below that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicium of reliability."[17]

(9) Scannapieco claims that Holmes' discussion of the son goes beyond the allowable limits of victim impact testimony, and specifically 11 *Del. C.* § 4331(e)(1), which provides that a victim impact statement may "[i]dentify . . . those victims . . . who received physical, psychological, or economic injury as a result of the

---

[12] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[13] *Ward v. State*, 567 A.2d 1296, 1297 (Del. 1989).

[14] *Mayes*, 604 A.2d at 842-43.

[15] *Id.* at 843.

[16] *Id.* (quoting *United States v. Robin*, 545 F.2d 775, 779 (2d Cir. 1976)).

[17] *Id.*

offense[.]"[18] He claims that the information concerning uncharged conduct pertaining to the son should not have been included because the son was not a victim of the offenses for which he was being sentenced.

(10) Scannapieco's claim is unpersuasive. First, the trial court sentenced Scannapieco to twenty-five years of Level V confinement, a length of time within the parameters of the plea agreement. Second, the specific claim presented here was not the basis for the objection at the sentencing. At the sentencing, Scannapieco's counsel argued that Holmes should not be allowed to speak because Holmes was not the victim. He did not argue that Holmes should not be permitted to speak about the son because the son was not a victim. In addition, information about Scannapieco's relationship with the son was relevant because Scannapieco was seeking to have contact with his son. Finally, the record does not support a finding that the alleged abuse of Scannapieco's son was "demonstrably false" or "lacking a minimal indicium of reliability." Scannapieco provides no support for his conclusory statement that this information was unreliable or that the trial court even relied upon it in making its determination. Based on the record before us, the trial court was within its discretion in adopting the State's recommendation.

---

[18] 11 *Del. C.* § 4331(e)(1).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is **AFFIRMED.**

BY THE COURT:

_____
Justice